**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4141
_____

JOSE CARLOS OLIVEIRA,
Petitioner

v.

ATTORNEY GENERAL UNITED
STATES OF AMERICA,
Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-478-437)
Immigration Judge: Hon. Margaret R. Reichenberg

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2015

Before:  CHAGARES, KRAUSE, and VAN ANTWERPEN, Circuit Judges.

(Filed: July 7, 2015 )
_____

OPINION*
_____

CHAGARES, Circuit Judge.

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jose Carlos Oliveira petitions for review of a final order of removal issued by the Board of Immigration Appeals (the "Board"). For the reasons that follow, we will deny the petition.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. Oliveira is a citizen of Portugal. He entered the United States without inspection in approximately 1986. His status was adjusted to that of a Lawful Permanent Resident on March 24, 2000. On September 19, 2003, he was convicted in the Superior Court of New Jersey, Union County, of Conspiracy to Distribute a Controlled Dangerous Substance, in violation of N.J. Stat. Ann. §§ 2C:5-2 and 35-5(b)(1). On February 26, 2006, he was convicted in the Superior Court of New Jersey, Ocean County, of the criminal offense of Possession of a Controlled Dangerous Substance, in violation of N.J. Stat. Ann. § 2C:35-10(a)(1).

The Department of Homeland Security ("DHS") charged Oliveira as removable based on two grounds. First, DHS alleged that Oliveira is removable under 8 U.S.C. § 1227(a)(2)(B)(i) because he had been convicted of violating a law relating to a controlled substance after being admitted. Second, it alleged that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because he had been convicted of an aggravated felony. DHS asserted that his 2003 conviction for Conspiracy to Distribute a Controlled Dangerous Substance is an aggravated felony because it constitutes an offense of "illicit trafficking in a controlled substance (as defined under section 102 of the Controlled Substances Act),

2

including a drug trafficking crime (as defined in 18 U.S.C. § 924(c))." 8 U.S.C. § 1101(a)(43)(B) (defining "aggravated felony").

Oliveira conceded that he is removable based on his conviction for a controlled substance offense, but denied that he had been convicted of an aggravated felony. He also presented evidence to support an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). On March 26, 2014, the Immigration Judge ("IJ") rendered an oral decision finding that Oliveira is removable based on both charges. The IJ also denied Oliveira's applications for asylum, withholding of removal, and CAT protection, ordering him removed from the United States to Portugal. Oliveira appealed the IJ's decision to the Board. On September 11, 2014, the Board affirmed the IJ's decision and dismissed the appeal. Oliveira timely petitioned for review.

II.

The IJ had jurisdiction over Oliveira's original removal proceeding pursuant to 8 U.S.C. § 1229a, and the Board had jurisdiction to consider Oliveira's appeal pursuant to 8 C.F.R. § 1003.1(b)(3). We have jurisdiction pursuant to 8 U.S.C. § 1252(a) to consider "'questions of law raised upon a petition for review,' including petitions for review of removal orders based on aggravated felony convictions." Tran v. Gonzales, 414 F.3d 464, 467 (3d Cir. 2005) (quoting 8 U.S.C. § 1252(a)(2)(D)). Because the interpretation of criminal provisions "is a task outside the [Board's] special competence and congressional delegation . . . [and] very much a part of this Court's competence," our review is de novo. Id.

3

III.

Oliveira challenges the Board's decision on three grounds. He alleges that the Board erred in (1) affirming the IJ's decision to deny his application seeking deferral of removal under CAT, (2) summarily affirming the IJ's decision, and (3) affirming the decision of the IJ that Oliveira's conviction for Conspiracy to Distribute a Controlled Dangerous Substance constitutes an aggravated felony. The Government argues that the Board did not err in finding that Oliveira's conviction qualifies as an aggravated felony. Further, the Government asserts that because Oliveira was convicted of an aggravated felony, we lack jurisdiction to review his challenge to the Board's denial of CAT relief because he has raised no colorable legal or constitutional question.

Our Court uses "two 'routes' to determine whether a state narcotics violation is an aggravated felony" as defined under 8 U.S.C. § 1101(a)(43)(B). Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003) (citing Gerbier v. Holmes, 280 F.3d 297 (3d Cir. 2002)). One route – employed by the Board here – is the "hypothetical federal felony" method, Gerbier, 280 F.3d at 307-11, in which we determine if the state conviction would qualify as a felony under the Controlled Substances Act ("CSA"). Administrative Record 4. We apply the categorical approach under either method and use the modified categorical approach if it is unclear from the face of the state statute whether the conviction qualifies as an aggravated felony. Catwell v. Att'y Gen., 623 F.3d 199, 207 (3d Cir. 2010). Under the categorical approach, a "state conviction triggers removal only if, by definition, the underlying crime falls within a category of removable offenses defined by law." Mellouli v. Lynch, 135 S. Ct. 1980, 1986 (2015).

4

Oliveira was convicted of Conspiracy to Distribute a Controlled Dangerous Substance, namely ecstasy, in violation of N.J. Stat. Ann. §§ 2C:5-2 and 35-5(b)(1). Under § 841(a)(1) of the CSA, it is a felony to knowingly or intentionally "manufacture, distribute, or dispense or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Oliveira does not dispute that ecstasy is a controlled substance and he does not appear to dispute that his state conviction for Conspiracy to Distribute ecstasy qualifies as a federal felony under the CSA.

Instead, he points to cases in which we found that a violation of a state statute was not categorically a felony under the CSA because the CSA contains an exception under which the distribution or intent to distribute a small amount of marijuana is a misdemeanor if it does not involve remuneration. Wilson, 350 F.3d at 381. He argues that one can be convicted of distribution in New Jersey without remuneration and thus the IJ could not have determined whether his conviction for distribution of ecstasy involved remuneration. In Wilson, the state statute under which the petitioner pled guilty did not contain sale for remuneration as an element. Id. Thus, the Court determined that it could not conclude whether Wilson's state conviction for possession of marijuana with intent to distribute would be a federal felony under the CSA or might fall within the CSA's exception. Id. Here, the state statute under which Oliveira was convicted does not include marijuana as one of the listed controlled substances, and thus a violation of the statute could not fall within this marijuana-only exception to the CSA. Thus, the Board did not err in affirming the IJ's decision that Oliveira's conviction under the state statute

categorically constitutes an aggravated felony regardless of whether Oliveira's distribution involved remuneration.

Because the Board did not err in affirming the IJ's decision that Oliveira had been convicted of an aggravated felony, we have jurisdiction to review the agency's denial of CAT deferral of removal only if Oliveira's petition raises "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C)-(D). Oliveira sought CAT relief on the grounds that he had become romantically involved with the girlfriend of a member of a marching band from his home country and that he would face consequences from band members if he were to return. The Board affirmed the IJ's denial of CAT relief because Oliveira had failed to demonstrate that it was more likely than not that members of the marching band or their associates would torture Oliveira if he returned to Portugal. We lack jurisdiction to review this factual finding.

Oliveira further asserts that the Board erred by affirming the IJ's decision "without specific comment" and by ignoring certain evidence in the record regarding whether there is a continuing threat to Oliveira's safety. We agree with the Government that the Board's decision provides sufficient explanation as to why it affirmed the IJ's decision on this point and that Oliveira's claim that the IJ ignored certain evidence is unsupported by the record. Oliveira does not raise any colorable legal or constitutional claim, and thus we lack jurisdiction to review the Board's denial of CAT deferral of removal.

IV.

For the foregoing reasons, we will deny Oliveira's petition for review.